FILED - USDC - FLMD - JAX
NOV 9 2026 PM2:28

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

WENDALL HALL

PLAINTIFF

V.

RICKY DIXON, FORMER, SECRETARY OF FL. DEPARTMENT OF CORRECTIONS,

RICHARD COMERFORD, CURRENT, SECRETARY OF FL. DEPARTMENT OF CORRECTIONS,

AND CHARLES MARTIN, ASSISTANT GENERAL COUNSEL OF F.D.O.C.

DEFENDANTS /

CASE NO. 3:26-CV-3104-JEP-SJH

(TO BE ASSINGED BY THE CLERK)

# CIVIL RIGHTS COMPLAINT

1. Parties To This Complaint.

(A) THE PLAINTIFF

Provide The Information Below For Each Plaintiff Named In The Complaint. Attach Additional Pages If Needed.

**Plaintiff No. 1**

Name: Wendall Hall, No. 4637871

Street Address: Florida Civil Commitment Center, **13619 S.E. Highway 70**

City,State And Zip Code: Arcadia, Florida, 34266

Phone Number: 863-491-4975

Email Address: N/A

(B)The Defendants:

Defendants: Provide The Information Below For Each Defendant Named In The Complaint.

**DEFENDANT NO.1**

Name: Ricky Dixon

Job Title: "Former", Secretary of Florida Department of Corrections

Street Address: 501 South Calhoun Street

City, State And Zip Code: Tallahassee, Florida, 32399

Phone Number: N/A

Email Address: RICKY.DIXON@FDC.MY FLORIDA.COM

**DEFENDANT NO.2**

Name: Richard Comerford

Job Title: "Current", Secretary of Florida Department of Corrections

Street Address: 501 South Calhoun Street

City, State And Zip Code: Tallahassee, Florida, 32399

Phone Number: N/A

Email Address: /N/A

**DEFENDANT NO.3**

Name: Charles Martin

Job Title: Assistant General Counsel of Fl. Department of corrections

Street Address: 501 S. Calhoun Street

City, State And Zip Code: Tallahassee, Florida, 32399

Phone Nunber:N/A

Email Address:Charles.Martin@Fdc.Myflorida.Com

**BASIS FOR JURISDICTION**:

The basis for court's jurisdiction is a Federal Question. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. 1331 and 1343 and 42 U.SC. 183 and 1988. Venue in this district is proper pursuant to 28 U.S.C. 1391 in that the cause of action relating to the settlement agreement in (**HALL V.MEROLA CASE NO 3:15-CV-1054-BJD**) and the seizure of the settlement payments, relating to settlement payments in (**HALL V.MEROLA CASE NO. 3:15-CV-1054-BJD**), arose in this district.

**STATEMENT OF FACTS**

1. Wendall Hall Is The Named Plaintiff In The Case. Plaintiff is an individual and currently a resident of Desoto county Florida, who is not a prisoner and was released from florida department of corrections prisons in July 2019.

2. Ricky Dixon, (**The former, Secretary of Florida Department of Corrections (F.D.O.C.)** Richard Comerford, (**current secretary of Florida department of corrections**) And Charles Martin **(Assistant General Counsel Of .F.D.O.C.)** Are The Named Defendants In This Case.

3. Plaintiff Sues Defendants In Their **Individual Capacity** For Monetary Compensatory And Punitive Damages.

4. Plaintiff Also Sues Defendants In Their **official Capacity** For Injunctive Relief.

5. In June, 2023, Defendants Ricky Dixon, Richard Comerford, And Charles Martin Adopted, Established Or Promulgated A Policy, Custom Or Procedure **of Fl. Statutes 960. 291 (1), 5(B) And 960.293(2)**(B), For Recouping Prison Cost From Prisoners Or Former Prisoners, Which Allowed Defendants To Recoup Prison Cost In The Form Of Civil Restitution Liens Against Plaintiff Wendall Hall's Settlement Payments, Paid To Him By The State of Florida, In A Federal 42 U.S.C 1983 Civil Right Action Complaint.

6. First, In June 2023 Defendants Charles Martin (Assistant General Counsel Of F.D.O.C.) Filed A Motion For Imposition Of Civil Restitution Lien Order To Recoup Prison Cost Against Plaintiff's Hall In His Criminal Case No. 94-3077 In The Circuit Court, First Judicial Circuit In And For Escambia County Florida, Within The 5 Year Time Limit Allowed By 960. 291 And Fl. Stat. 960.293.

7. Then On June 12, 2023 The Circuit Court, Granted defendants Martin, Dixon's and Comerford's and F.D.O.C.'S Motion For Civil Restitution Prison Cost Lien Order Against Plaintiff And Imposed A Prison Cost Lien Of 250,000.000 (Two Hundred And Fifty Thousand Dollars) Against Plaintiff, To Recoup Prison Cost., From Plaintiff's Previous Incarceration Within The F.D.O.C.

8. However, plaintiff never received the circuit court's order imposing the prison cost restitution lien order against plaintiff and did not have any knowledge or notice that the circuit court had issued a civil restitution lien order for prison cost against plaintiff., prior to plaintiff agreeing to and signing the settlement agreement. Had plaintiff received the circuit court; restitution lien order for prison cost against plaintiff, he would not have signed or agreed to the settlement agreement.

9. Subsequently, In September, 2023 Plaintiff Entered Into And Signed A Settlement Agreement With The assistant Attorney General, Erik Kverne (Who Signed The Settlement Agreement On October 2023), In Case Styled Wendall Hall V. Sergeant Watson And Officer Watson, Case No. 3.15-Cv-1054 In The U.S. District Court Middle District Of Florida Jacksonville Division

10. The Settlement Agreement Stipulated That Defendants Would Pay **$20,000.00** (Twenty Thousand Dollars) To Plaintiff By Placing The Settlement Payments Into His Resident Bank Account At Florida Civil Commitment Center Within 30 Days.

11. Then In October, 2026, Mr. Charles Martin (Assistant General Counsel of F.D.O.C.) Contacted And Sent An Email To Florida Civil Commitment Center (Fccc), (Former, Facility Director) Jon Carner And Requested Carner To Seize And Forward Plaintiff's 20,000.00 Settlement Payments To F.D.O.C. To Recoup Prison Cost, As Soon As The Payments Were Deposited Into His Resident Account At Fccc.

12. Mr. Carner Actually Showed Plaintiff His Cell Phone Messages From Charles Martin Requesting Carner To Seize And Forward Plaintiff's Settlement Payment To F.D.O.C.

13. Although At The Time, Carner Did Not Possess nor obtained The Civil Restitution prison cost Lien Order , However, Carner Complied With Martin's verbal Request And Placed A Freeze On Plaintiff's Resident Account And Directed Ms Noblett (Fccc's Business Manager) To Seize And Collect The Settlement Payments And Forward Them To .F.D.O.C.

14. After Some Delay, From The assistant State Attorney Erik Kverne, Who First, Placed A Stop Payment On The First Settlement Check That Plaintiff Received Through The Mail

And Then Latter Reissuing A Second Settlement Check To Plaintiff, The Settlement Check Payments Were Eventually Deposited Into Plaintiff's Resident Bank Account At Fccc on about November 29, 2026 By (Deceased) Lieutenant Miller, who Intercepted And Confiscated Plaintiff's Legal Mail That Contained The Settlement Check Payments, And Delivering It To Ms. Noblett., To Be Placed In Plaintiff's Resident Bank Account At Fccc.

15. After A 10 Day Hold, in December 2023, The Settlement check Payments Were Never Activated Nor Turned On For Plaintiff To Spend The Money, But Was Immediately Forwarded To Department Of Corrections By Ms. Noblett, For The F.D.O.C. To Recoup The Prison Cost Restitution Lien Imposed Against Plaintiff.

16. First The Chief Goal Of 42 U.S.C. 1983 Is To Provide Compensation For Violations Of Federal Rights And To Deter Such Violations And To Protect The People From Unconstitutional Actions Under Color Of State Law, Whether The Action Be Executive, Legislative Or Judicial. **Williams, 987 F.3d 188, 200 (2nd Cir 2021)**

17. Defendants, Dixon, Comerford and Martin's Action (Stated Above) Were Enacted Executively And Legislatively.

18. **Section 42. U.S.C. 1983** Preempts Florida State's Prison Cost Liens, That Recoup Prison Cost From Prisoners, Promulgated In Fl. Statutes 960. 291 (1), 5(B) And 960.293(2)(B).

(See) **Hankins V. Finnel 964 F.2d 853 (8th Cir. 1992)** Holding "42 U.S.C. 1983 Preempts A State's Prison Cost Liens Or States Incarceration Reimbursement Cost"

(See) **Williams V. Marinelli, 987 F.3d 188, 199 (2nd Cir 2021)** Holding "42 U.S.C. 1983 Preempts A State's Prison Cost Liens Or A States Incarceration Reimbursement Cost"

19. The Purpose Of Section 1983 Is Two-Fold: Two Compensate Victims And To Deter Future Deprivations Of Federal Constitutional Rights, pursuant to Hankins, 964 F.2d 853, 861 (8th Cir 1992) **Williams V. Marinelli, 987 F.3d 188, 199 (2nd Cir 2021).**

20. . However Defendants Dixon's, Comerford and Martin's Action Stated Above And The Fl. Statutory Civil Restitution Liens procedure To Recoup Prison Cost From Hall, Which Allowed Defendants And The State To Collect And Seize His Settlement Payments, That The State Paid To Him In His 42 U.S.C. 1983 Action, Deprived Hall of Section 42 U.S.C. 1983 Actions Purposes To Compensate Victims (Hall) And To Deter Future Deprivations Of Federal Constitutional Rights From Prison Officials And is preempted by federal law (42u.s. 1983) and Thus Violates The 14th Amendment Procedural Due Process of Law.

21. Therefore Since Florida Statutes For Prison Cost Restitution Civil Liens Permits Defendants And The State To Recoup The Very Monies It Has Paid To Hall To Satisfy A Section 1983 Judgment Against One Of Its Employees, The Act Is Invalidated Under The Supremacy Clause of The Federal Constitution.

(See) **Hankins V. Finnel, 964 F.2d 853 (8th Cir. 1992)** Held "We Thus Conclude That Section 1983 Preempts The Missouri Incarceration Reimbursement Act As It Is Applied In This Case. To The Extent That The Act Permits The State To Recoup The Very Same Monies It Has To Paid To Satisfy A Section 1983 Judgment Against One of Its Employees, The Act Is Invalidated Under The Supremacy Clause"

22. This Court Should Be Very Troubled By Florida State Civil Restitution Liens To Recoup Prison Cost From Prisoners (Civil Detainees) (Hall), That were Enacted For Retaliatory Motives Or In Bad Faith To Set Aside Judgments In 42 U.S. 1983 Civil Cases Or To Deprive Plaintiff Of Settlement Monetary Payments, Awarded To Him And Paid To Him By The State From Plaintiff Prevailing In A 1983 Action, Which Found Prison Officials Violated His Constitutional Rights., Since Such Prison Liens, Thwart The Very Purpose Of 1983 Actions To Vindicate The Rights Of Prisoners Violated By Prison Officials.

(See) **Green v. State, 998 So.2d 1149, 1150-1151 (Fla 2nd Dca 2008)** Held "I Am Far From Troubled By The State's Tactics Of Filing A Motion In The Criminal Court To Obtain A Civil Restitution Lien, Essentially To Serve As A Setoff Against Federal Judgments For The Violation Of The Prisoner's Civil Rights. It Is Rather Obvious That The State Is Considering Paying The Judgment For It' Employees And Plan To Deposit That Payment Into A Prison Account That Will Be Immediately Garnished By The State To Satisfy The Restitution Judgment. "It Is Debatable Whether Federal Law Permits This Action,. **Hankins V. Finnel, 964 F.2d 853 (8th Cir. 1992)** As A Citizen Of This State, I Am Troubled By The Tactics Of The Attorney General It It's Legal Dispute With Mr. Green"

23. **(SO TO HERE)** In This Case, Did The State of florida (State) Pay The Judgment For Its Employees And Deposited That Payment Into Plaintiff's Hall Resident Bank Account at Fccc, Which Was Immediately Garnished By Defendants Dixon's, comerford's and Martins Actions and the state of Florida (Stated Above) To Satisfy The Restitution Judgment., Which Tactics Are Unlawful Under The Rulings In **Hankins V. Finnel, 964 F.2d 853 (8th Cir. 1992) And Williams V. Marinelli, 987 F.3d 188, 199 (2nd Cir 2021).**

**24.** The Defendants Dixon, Comerford's and Martin's And The State's statutory civil lien for prison cost procedures used by defendants to seize plantiff's settlement payments, Discharged Defendants Or The State's Judgment Obligations To, staisfy a 1983 settlement agreement judgment, to Plaintiff In Significant Part, By Recouping Payments It Made To Plaintiff, To Pay Itself For Prison Cost, Which Undermined The Objectives

Of Section 1983. Therefore Plaintiff's Judgment In The Section 1983 Against Watson And Wright, Was Not Satisfied By The State of florida Or The Defendants., When The Defendants And The State Seized The Very Same Payments It Made To Plaintiff To Satisfy The 1983 Action, To Recoup Prison Cost, which are preempted by **Section 42 U.S.C. 1983.**

25. Even A SISTER Court (U.S. District Court Northern District Of Florida), Recent Decision, Supports With Or Agrees With Plaintiff's Stated Facts Alleged In This Complaint.

    (See) **Baez v. Dixon, Case No. 4.25-Cv-216 (N.D. Fla. July, 30, 2026)** Holding, "Section 1983 Preempts Prison Cost Liens And Prohibits The F.D.O.C. From Recouping Prison Cost From Settlement Payments It Paid To Plaintiff (Inmate), In A 42 U.S.C 1983 Action, To Recoup Prison Cost"

26. Basically There's A Clear Inconsistency Or A Conflict Between The Fl. Stat. Section For Civil Restitution Liens To Recoup Prison Cost, That Seizes Prisoner's Settlement Payments That The State Of Florida and defendants Dixon and Martin Paid To Plaintiff, To Recoup Prison Cost Which Conflicts With The Federal 42 U.S.C 1983 Purposes To Compensate Victims (Hall) And To Deter Future Deprivations Of Federal Constitutional Rights. Clearly, This Amounts To A Conflict Under The Supremacy Clause, A Conflict, That The State Cannot Win.

(See) **BENNETT V. ARKANSAS, 485 U.S. 395 (1988)** Held "State Statute That Authorized The State To Seize (Attach) Prisoners Social Security Benefits To Recoup Prison Cost Violated The Supremacy Clause Of The Federal Constitution.

27. Further-More, Florida State's Statutory Law For Civil Restitution Liens For Recouping Prison Cost, Conflicts With Federal Law (42. U.S.C. 1983) Objective's As Stated Above And Thus, The State Law Stands As An Obstacle To The Accomplishment And Execution Of The Full Purposes And Objectives Of Congress in enacting section 1983 and thus is preempted by section 1983 Purposes, Which Is Described As Conflict Preemption And Violates The 14th Amendment Procedural Due Process Of Law. Williams, 987 F.3d 188, 198 (2nd Cir 2021)

28. The application of fl. Stat. 960.293 to seize plaintiff's 1983 settlement funds, unconstitutionally conflicts with federal law (42 U.S.C 1983) which is conflict preemption. **(Baez v. Dixon, Case No. 4.25-Cv-216 (N.D. Fla. July, 30, 2026).**

**29.** The basic principle that a state's recovery of state funds [paid to a section 1983 plaintiff (Hall) via book keeping maneuvers, specifically by imposing a cost of incarceration lien, sharply undermines both of these goals of 42 U.S.C 1983. **(Baez v. Dixon, Case No. 4.25-Cv-216 (N.D. Fla. July, 30, 2026).**

30. Finally, Because of Defendants, Dixon's Comerford's and Martin's Malicious, Sadistic, Reckless and evil Actions (Stated Above) In Adopting A Policy To Seize Plaintiff's Settlement Payments, That Defendants Or The State Of Florida Paid To Plaintiff In A 42 U.S.C 1983 Civil Rights Complaint, To Recoup Prison Cost, This Caused Plaintiff Great Severe Mental Anguish And A Deprivation Of His Monetary Funds (Personal Property) He Needed, To Purchase His Basic Human Needs, Such A Toothpaste, Toothbrush, Soap, Toilet Paper, Postal Stamps And Envelopes Plaintiff Needs To Mail Pleading To The Courts Or To Mail Letters To his Family and Friends, entitling plaintiff to punitive damages and compensatory damages against defendants.

**STATEMENT OF CLAIM**

**COUNT-1**

Defendants Violated The 14th Amendment Procedural Due Process Of Law, By Adopting, Establishing Or Promulgating A Policy, Procedure, Custom Or (State Statute) To Recoup Prison Cost, From Settlement Payments, Paid To Plaintiff By The State In A 42 U.S.C. 1983 Civil Rights Action, Which Is Preempted By 42 U.S.C. 1983 Civil Right Complaint Actions, Since It Deprived Hall Of Section 42 U.S.C. 1983 Actions Purposes To Compensate Victims (Hall) And To Deter Future Deprivations Of Federal Constitutional Rights By Prison Officials.

**COUNT-2**

Defendants Violated The Supremacy Clause of The U.S. Constitution, By Defendants Adoption of A Policy Custom, Procedure Or Florida Statute, Which Permits The Defendants And The State To Recoup The Very Monies It Has Paid To Plaintiff, (Including Settlement Payments,) For Recouping Prison Cost, To Satisfy A Section 42. U.S.C. 1983 Judgment Against One Of Its Employees, Conflicts With The Federal Law (Section 1983 Purposes Or Objectives), Which Is Invalidated By The Supremacy Clause Of The Federal Constitution (U.S. Constitution Supremacy Clause).

**COUNT-3**

Defendants Actions of recouping prison cost from plaintiff' settlement payments paid to him by the state of Florida or defendants, in his 42. **U.S.C** 1983 action And The State's Statutory Scheme For Recouping Prison Cost From Plaintiff's Settlement Payments That The State Paid To Plaintiff To Satisfy A Section 1983 Judgment,(preempted by 42 U.S.C. 1983) Was An **Unlawful Deprivation Of Plaintiff's Personal Property**, In Violation Of The 14th Amendment Procedural Due Process Of Law.

**COUNT-4**

**Florida civil restitution lien act for recouping prison cost against plaintiff, unconstitutionally conflicts with federal law (42 U.S.C. 1983) and is therefore preempted, by federal law (42 U.S.C. 1983) in violation of the supremacy clause of the U.S. Constitution.**

## REQUESTED RELIEF

1. Plaintiff Request 5 Million Dollars In Compensatory And Punitive Damages Against Defendants., including to return, reimburse or pay the 20,000.00 settlement payments back to plaintiff.

2. Plaintiff Request Injunctive Relief Directing Defendants To Return, Reimburse Or Pay The 20,000.00 Settlement Payments Back To Plaintiff Wendall Hall.

3. Plaintiff Request Injunctive Relief Prohibiting Defendants From Recouping Prison Cost From Settlement Payments, Paid To Plaintiff Or Inmates In 42 U.S.C 1983 Civil Rights Complaint Actions

4. Declaratory Judgement against defendants, Declaring That Section 42 U.S.C. 1983 Preempts Prison Cost Restitution Civil Liens and prohibits the state or defendants from recouping prison cost from his settlement payments, paid to him by the state of Florida in a 42 U.S.C. 1983 federal civil rights complaint action.

5. **Plaintiff Demands a Trial by Jury.**

## SWORN OATH/ VERIFICATION OF DOCUMENT

**STATE OF FLORIDA**

**COUNTY OF DESOTO**

**I HEREBY DECLARE** (or certify, verify, or state) under penalty of perjury that the foregoing statements are true and correct.

**Executed on OCTOBER,29 2026**

/s/ Wendall Hall

Wendall Hall
FCCC Resident # 4637871
Florida Civil Commitment Center
13619 S.E. Hwy 70
Arcadia, FL 34266